## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-39736-H3-7 |
| | § | |
| WILLIAM R. ENGLAND, JR., | § | (Chapter 7) |
| | § | |
| DEBTOR | § | |
| | § | |
| LOWELL T. CAGE, TRUSTEE, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | ADVERSARY NO. 11-3295 |
| | § | |
| EMC MORTGAGE CORPORATION, | § | |
| COCHRAN INVESTMENTS, INC., | § | |
| AND MICHAEL E. AYERS, | § | |
| | § | |
| DEFENDANTS | § | |

## TRUSTEE'S FIRST AMENDED COMPLAINT FOR AVOIDANCE OF POST-PETITION TRANSFER PURSUANT TO SECTIONS 362 AND 549 OF THE BANKRUPTCY CODE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Lowell T. Cage, Trustee ("Trustee"), and respectfully represents as follows:

## I. BACKGROUND

1.     This case was commenced by the filing of an involuntary petition under chapter 7 of the Bankruptcy Code on December 23, 2009.  By Order entered on March 11, 2010, Lowell T. Cage was appointed chapter 7 Interim Trustee.  By subsequent order entered on May 11, 2010, an Order for Relief was entered in this case.

## II. JURISDICTION AND SERVICE

2.      This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. §§ 105, 362, 549 and 550.  This is a core proceeding.

3.      EMC Mortgage Corporation ("EMC Mortgage") is a Delaware corporation and may be served through its registered agent for service in Texas, CT Corporation System, 350 N. St. Paul, Suite 2900, Dallas, TX 75201-4234.    Cochran Investments, Inc. ("Cochran Investments") is a Texas corporation and may be served through its registered agent for service, Jerry L. Schutza, 11 Greenway Plaza, Suite 2820, Houston, Texas 77046.  Michael E. Ayers is an individual and may be served at 6634 Mercer, Houston, Texas 77005.

## III. FACTS

4.      The bankruptcy estate owns a fifty percent (50%) undivided interest in real property located at 4625 and 4627 McKinney in Houston, Texas (the "Property").  The Property is a duplex residence.  Medardo Garza ("Garza") owns the other undivided fifty percent (50%) interest in the Property.

5.      Subsequent to his appointment in this case, the Trustee retained a broker to assist in selling the Property (Docket No. 70) and obtained an Order to repair a damaged roof on the Property (Docket No. 121).  The Trustee also previously obtained an Order to sell the Property for the sum of $155,000.00 (Docket No. 78), although the buyer withdrew because of issues with the condition of the Property, and the sale was never consummated.  Since that time, the Trustee and his broker have actively marketed the Property.

6.      The Property is encumbered with a lien in favor of EMC Mortgage in the

approximate amount of $30,000.00.  Despite the condition of the Property, the Trustee believes there is substantial equity in the Property for the benefit of creditors. The taxing authorities have valued the Property at $152,921.00.

7.     The Trustee recently learned that EMC Mortgage posted the Property for a December 2010 foreclosure.  At a foreclosure sale that occurred on December 7, 2010, the Property was sold to defendant Cochran Investments.  EMC Mortgage failed to obtain an Order from this Court to lift the stay to take such action.  Further, EMC Mortgage failed to provide notice of the foreclosure to the Trustee or to the co-owner of the Property, Garza.

8.     EMC Mortgage had actual notice of the bankruptcy case as a result of correspondence sent to it by Garza on June 1, 2010 advising it of the pendency of the bankruptcy case and the identity of the Trustee and his counsel.  Further, the Trustee or his staff had contacted EMC Mortgage and obtained payoff information in July of 2010 relating to sale of the Property that was never consummated.

9.     By deed recorded on June 9, 2011, Cochran Investments transferred the Property to Michael E. Ayers ("Ayers").

### IV. COMPLAINT TO AVOID POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. § 362

10.     Section 362 of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  Section 362 also prohibits "any act to create, perfect, or enforce any lien against property of the estate."

11.     EMC Mortgage's action were taken in violation of the automatic stay.  Acts taken in violation of the automatic stay are voidable.  *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir. 1989).  Accordingly, the Trustee requests that the foreclosure and transfer of the Property be voided as a violation of the automatic stay.

### V. COMPLAINT TO AVOID POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. § 549

12.     Pursuant to 11 U.S.C. § 549(a), the Trustee may avoid any transfer of property of the Debtors' estate --

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under §§ 303(f) or 542(c) of this title; or;

(B)  that is not authorized under this title or by the Court.

13.     The foreclosure of the Property and transfer of the Property by EMC Mortgage to Cochran Investments occurred after the filing of the petition herein, and was not authorized by this Court.

14.     The Trustee requests that the foreclosure and transfer of the Property be set aside pursuant to 11 U.S.C. § 549, and that the Property be declared property of this bankruptcy estate for liquidation by the estate for its creditors.

### VI. RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. § 550

15.     To the extent the transfer is avoided and the Property is not recovered, the Trustee is entitled to judgment against EMC Mortgage, Cochran Investments and/or Ayers for the value of the Property pursuant to 11 U.S.C § 550.

Complaint:06/16/11

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that this Court avoid the foreclosure and transfer of the Property from EMC Mortgage to Cochran Investments and subsequently to Ayers pursuant to 11 U.S.C. §§ 362, 549 and 550; that Trustee be allowed to recover such assets or the value of the such assets from the Defendants; that a temporary restraining order, preliminary and permanent injunction be issued prohibiting any transfer, use or disposition of the Property pending resolution of this proceeding; that he be granted costs and attorney's fee and expenses pursuant to Section 105 and 362 of the Bankruptcy Code as appropriate; and that he be granted such other and further relief to which he may be entitled.

Respectfully submitted,


*/s/ Timothy L. Wentworth*

By:   _____
TIMOTHY L. WENTWORTH
State Bar No. 21179000

OF COUNSEL:
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas  77057
(713) 789-0500
ATTORNEYS FOR LOWELL T.
CAGE, TRUSTEE

-5-

First Amended Complaint.docx:06/16/11